IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COSHAP, LLC d/b/a
SOUTHSIDE DISCOUNT MALL;

        Case No.

   Plaintiff,

vs.

THE ALPHA, INC;

   Defendant.

## COMPLAINT

Plaintiff sues the Defendant as follows:

1.    Plaintiff's members are individuals, namely Jay Shapiro and IRA Cohen, individuals domiciled in and citizens of Florida per 28 U.S.C. § 1332.

2.    Alpha is incorporated in Georgia, whose principal place of business is also located in Georgia, which is a Georgia citizen per 28 U.S.C. § 1332.

3.    Per 28 U.S.C. § 1332, jurisdiction exists based on diversity of citizenship between the parties. The sum in controversy exceeds $76,000.00, such as relief in law or equity. The case concerns debt, property and relief valued over $76,000.00, including damages and fees recoverable by contract/statute. Per § 1367, jurisdiction exists over all claims.

4. This matter involves a leasehold premises located at 6469 Tara Blvd, Jonesboro, Georgia 30236 particularly described in a plat recorded at Plat Book 15, Page 215, Clayton Records, described in pertinent part as

> ALL THAT TRACT or parcel lying and being in Land Lot 142 of the 13th District of Clayton County, Georgia, particularly described in a plat of survey prepared for Rich's by A.S. Giometti & Associates, Inc. dated 08/01/74.

### The Kids Land Lease

5. On or about 07/01/16, Plaintiff and Defendant entered into a Lease [Kids Land Lease] for rental of 6469 Tara Boulevard, Jonesboro GA 30236 [2016 Lease] which is part of the Property [Lease ¶¶ 1-3].

6. The 2016 Lease has one 12-year term: 11/01/15-10/31/27 [Lease ¶¶ 4]

7. The 2016 Lease provides that its property "shall not be used for any illegal purpose, nor in any manner to create any nuisance or trespass nor in any way to which would violate any law, ordinance or subdivision restrictions affecting the premises…"[Lease ¶¶ 4].

8. The 2016 Lease is governed by Georgia law and provides for payment of Plaintiff's attorney's fees and costs [Lease ¶¶ 38].

9. Plaintiff does not waive its rights under the 2016 Lease by waiving any performance or observance of its conditions by the Defendant [Lease pp. 17].

10. The 2016 Lease includes (a) conditions of default for violations of its terms, failure to pay rent, to cease prohibited conduct, to remedy non-performance of any non-monetary terms and covenants of this Lease (b) the right to exercise all applicable remedies in law and equity to resolve them [Lease ¶¶ 17].

11. The 2016 Lease includes (a) conditions of default for violations of its terms, failure to pay rent, to cease prohibited conduct, to remedy non-performance of any of its non-monetary terms and covenants, applicable damages (b) the right to exercise all applicable remedies in law and equity to resolve them [Lease ¶¶ 17].

12. The 2016, Lease requires Alpha to execute and deliver in a recordable form, an estoppel certificate to any holder of a Deed to Secure Debt or proposed Deed to Secure Debt or proposed purchaser or to Lessor or to such other party that this Lease is unmodified and in full force and effect…Coshap can act as Alpha's attorney in fact if it refuses to do so [Lease ¶¶ 24].

13. The 2016 Lease does not include an Option to purchase that property and a right of first refusal to do so and none can be inferred.

14. The 2016 Lease is governed by Georgia law

## The 2015 Alpha Lease

15.     On or about 10/23/15, Plaintiff and Defendant entered into a Lease [Southside District Lease] for rental and sale of 6525 Tara Boulevard, Jonesboro GA 30236 [2015 Lease] at the same premises as the above [Lease ¶¶ 1-4].

16.     The 2015 Lease has a 12-year term from 11/01/15 to 10/31/27 [Lease ¶¶ 5] which may be renewed in writing for a second term [Lease ¶¶ 33].

17.     The 2015 Lease provides for its termination on a 30-day notice if Defendant defaulted on any part of the rent due [Lease ¶¶ 6].

18.     The 2015 Lease provides for its termination on a 30-day notice if the Defendant "fails to observe, perform, keep each and every one of the covenants, agreements, stipulations, conditions and other provisions" if the Defendant persists in such default beyond a 30-day notice [Lease ¶¶ 7].

19.     The above termination also applies to the "prohibition on sale or display of counterfeit goods" by or those under the Defendant [Lease ¶¶ 7].

20.     The 2015 Lease requires monthly rent of $21,750.00 which is due by the 10th of each month [Lease ¶¶ 10-11].

21.     The 2015 Lease requires Defendant comply with certain terms of use and occupation as to the Property [Lease ¶¶ 13-14] including the following:

> ""Tenant covenants that Tenant will conduct its business from time to time carried upon within the Premises in such manner to comply with

*all statutes, bylaws, rules and regulations of any federal. provincial, municipal and other competent authority and will not do anything on or in the Premises contravention of them.*" [Lease ¶¶ 14]

22.   The 2015 Lease includes an Option to purchase the Property if the Defendant is not in default of this Lease [Lease ¶¶ 20].

23.   The 2015 Lease provides for a right of first refusal to purchase the Property if "Defendant elects not to exercise the above Option" and Plaintiff:

"receives a written Letter of Intent, Offer or Contract from a third party to purchase [the Property]" then [Defendant] shall have a right of first refusal [to purchase the Property] if Landlord receives a written LOI, Offer or Contract from a third party [to purchase the Property]. This "right of first refusal is a 10-business day period from written receipt of the LOI, Offer or contract and [if the Defendant] does not match this offer, LOI or Contract [then Defendant's] option to purchase [the Property] shall expire." [Lease ¶¶ 20]

24.   The Option may be exercised after 10/01/15, prior to the end of the original 2015 Lease term, after which Plaintiff is released from all obligations to sell the Property to Defendant and the Option is of no further legal effect [Lease ¶¶ 21]. The Option may only be exercised by mailing or delivering written notice to the Landlord at its Florida Office [Lease ¶¶ 22].

25.   The 2015 Lease provides for reentry into the Property and a waiver by Defendant as to actions by Plaintiff in connection with this matter [Lease ¶¶ 32].

5

26. The 2015 Lease provides for additional rent and other sums for its breach and enforcement, reentry into the Property, termination and collection of its sums due, such as legal fees and expenses, liquidated damages for loss of rent and other income of Plaintiff expected to be derived from its term [Lease ¶¶ 32].

27. The 2015 Lease is governed by Georgia law [Lease ¶¶ 39].

28. Plaintiff does not waive its rights under the 2015 Lease by waiving any performance or observance of its conditions by the Defendant [Lease pp. 17].

### **Breach of the Leases by the Defendant.**

29. Defendant did not pay rent under the Leases since at least March 2022 despite Plaintiff's repeated demand for rent to Defendant which were not cured.

30. Defendant condoned the sale of counterfeit goods on the Property.

31. Defendant never exercised the Option in the 2015 Lease which is of no further legal effect as Defendant was in breach of it since at least March 2022.

32. The Option in the 2015 Lease expired which has no legal effect.

33. On 08/18/22, Plaintiff gave written notice to Defendant that Plaintiff had received a bona-fide written offer from TWILLI Investment, to purchase the entire shopping premises property which Alpha could no longer occupy.

34. Defendant failed to respond to the above offer, which precluded its exercise of the right of first refusal in the 2015 Lease.

35. Plaintiff requested that Defendant execute Estoppel Letters reflecting that title to the Property was free and clear and the 2015 Option was expired, which would also confirm that there was no Option in the 2016 Lease.

36. Defendant refused to provide an Estoppel Letter for the sale of each Property under each Lease as required for the benefit of the purchaser, contends the Option is still in effect under the 2015 Lease and there is an enforceable Option under the 2016 Lease through their counsel.

37. On 01/20/23, Counsel for Defendant wrote to Plaintiff, indicating that Defendant was renewing and extending the Leases until 2039 per their terms.

38. The 01/20/23 Letter include two Estoppel Certificates, one for each lease, which each baselessly state as follows:

> That, except as provided in the Lease and other documents attached hereto or related to the Lease, including without limitation, an option to extend the lease for one (1) additional period of twelve (12) years and an option to purchase the Southside Discount Mall. Tenant does not have any right or option to renew or extend the term of the Lease, to lease other space within the building of which the desired premises are a part, nor any preferential right to purchase all or any part of the desired premises [Estoppel Certificates ¶¶ 6]

39. The above Estoppel Certificates are contrary to the terms of each Lease which improperly invoke rights that do not exist under each Lease.

40. On 01/27/23, Counsel for Plaintiff responded and stated the 2016 Lease has no option to renew or extend its terms.

41. On 02/10/23, Defendant, through counsel, Knowles Gallant, LLC, recorded a "Notice" in the record of title to the Property at Book 13339, Page 363, which purports to state that Coshap and Alpha "agreed" that the material terms of the 2016 Lease would be identical to the 2015 Lease.

42. The Notice recites the following alleged terms as to the 2016 Lease:

"Tenant has a right of first refusal to purchase the real property of which the premises is a part."

43. The Notice is signed by Kebbeth as CEO for Alpha on 02/09/23.

44. There is no such Option or Right under the 2016 Lease.

45. On 02/25/23, Knowles emailed the Notice to Plaintiff stating that:

Good morning,

Undisputed evidence in this matter supports a petition to reform the lease based on mutual mistake so that it includes the option to extend, but we were holding off on litigation in hopes that the transactional attorneys could come to a resolution.

Please let me know by Friday, February 17, 2023, if you would like to continue negotiations with Ken. Otherwise, we will move forward with the petition.

Also, please see the attached Notice of Leasehold Interest recorded on February 10, 2023, and let me know if you have any questions.

46. The Notice was recorded purely to cloud title to the Property in order to unjustifiably interfere with its planned sale to a third party by Plaintiff.

47. Defendant engaged in this misconduct to impair, hinder, delay and prevent the sale of the Property, which it did not cure after demand by Plaintiff.

48. Defendant is otherwise in breach of the Leases, who failed to pay rent, allowed criminal activity on the Property and failed to issue Estoppel Certificates.

49. Equitable relief is needed as there is no legal remedy for the issues to resolve them.

50. Plaintiff owns the Property and holds the Leases and has standing to enforce its claims as to them prior to suit, including the principal balance of their debt attorney's fees, pre-judgment interest and charges provided by law.

51. All conditions precedent to suit to occurred, were fulfilled, or waived, or their occurrence or fulfillment were unnecessary or futile.

### COUNT I:  REMOVAL ON CLOUD ON TITLE AND DECLARATORY RELIEF AS TO DEFENDANT

52. ¶¶ 1-51 are incorporated.

53. The Notice is Defendant's cloud on Plaintiff's title to the Property for which there is no legal basis as shown by the clear language of both leases.

54. The Notice was filed without a colorable legal basis, to impair and hinder Plaintiff's pending sale of the Property to a third party, contrary to the clear language of both Leases, for which Plaintiff lacks a legal remedy to resolve.

55. Furthermore, the estoppel certificates imply the Defendant again has a title or other interest in the Property, such as an Option or a Right of First Refusal to purchase them under at least the 2015 Lease and potentially the 2016 Lease when none exists or is enforceable at this time.

56. Plaintiff requires the Court remove, cancel and invalidate the Notice and also declare that the Option in the 2016 Lease is expired and the 2015 Lease has no such Option or Right of First Refusal and none is implied by law to fulfill the requirements of the Estoppel Certificates, to sell and convey the Property.

57. Plaintiff requires equitable relief which will not prejudice Defendant for which there is no adequate legal remedy given these matters for which Plaintiff is suffering irreparable harm, the lost sale of the Property, which is in the public interest and the requirements for injunctive relief as otherwise fully met.

58. Per 28 U.S.C. § 2201 *et seq* and applicable law, Plaintiff requests the Court remove, cancel and invalidate the Notice and also declare that the Option in the 2016 Lease is expired and the 2015 Lease has no such Option and none is implied by its language, that the Defendant has no interest in the Property in order to fulfill the requirements of the Estoppel Certificates, to sell and convey the Property and grant all other applicable relief such as its other remedies including an injunction if needed, to avert this irreparable harm under Fed. R. Civ. P. 65.

59. Plaintiff demands a judgment for its attorney's fees and costs under O.C.G.A. § 13-6-11 for its unnecessary cost and trouble in having to prosecute this action against the Defendant, who had no good faith for its actions.

### COUNT II:  EJECTMMENT AS TO DEFENDANT AND ATTORNEY'S FEES AND COSTS

60. ¶¶ 1-51 are incorporated.

61. Defendant occupies the Property, which breached the Leases, failed to make payments, who did not otherwise comply with their terms, which are now in default and due for which additional notice is futile and not required.

62. Plaintiff demands a judgment in ejectment to remove Defendant from the Property and other just relief such as its other remedies.

63. Plaintiff demands a judgment for its attorney's fees and costs under O.C.G.A. § 13-6-11 for its unnecessary cost and trouble in having to prosecute this action against the Defendant, who had no good faith for its actions.

Respectfully submitted this 2nd day of March 2023.

By: */s/Paul G. Wersant*
Paul G. Wersant
N.D. Ga. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff